UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HILLARY FENNER, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

        Plaintiffs,

vs.

ROSEWOOD COLONY OWNERS
ASSOCIATION, INC., CLAYTON &
MCCULLOH, P.A.,

        Defendants.
_____/

CASE NO.:
CLASS ACTION
JURY TRIAL DEMANDED

## VERIFIED COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ., AND THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.72, ET SEQ.,

Plaintiff, HILLARY FENNER ("Plaintiff"), files suit against Defendants, ROSEWOOD COLONY OWNERS ASSOCIATION, INC., ("ROSEWOOD") and CLAYTON & MCCULLOH, PA ("CM LAW", together as "Defendants"), and as grounds therefore states:

### INTRODUCTION

1. Count I and III, respectively, are based on Plaintiff's claims under the Florida Consumer Collections Practices Act, *Fla. Stat. § 559.55, et seq.*, ("FCCPA").

2. Count II is based on Plaintiff's claims under the Fair Debt Collection Practices Act, *15 U.S.C § 1692, et seq.* ("FDCPA").

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over the FDCPA cause of action because this cause of action arises out of a violation of federal law. 47 U.S.C. § 227(b); *Mims Arrow Fin Servs., LLC*, 132 S. Ct. 740 (2012).

4. This court has jurisdiction over the FCCPA cause of action under its supplemental jurisdiction. 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the events giving rise to Plaintiffs' causes of action originated and occurred

within the State of Florida and Defendants conduct business in the Orange County, FL. Moreover, the subject property is located in the Orange County, FL.

PARTIES

6.      Plaintiff is a record owner of real property located in Hillsborough County, Florida.

7.      Defendant, CM LAW, is a Florida for profit Corporation that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.

8.      Defendant, CM LAW, is engaged in the business of collecting consumer debts, acting as attorneys for various condominium associations and homeowner's associations, from consumers in the state of Florida and in Orange County, Florida.

9.      Defendant, ROSEWOOD, is a Florida not-for-profit corporation that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.

10.     Defendant, ROSEWOOD, is engaged in the business of collecting consumer debts, from consumers in the state of Florida and in Orange County, Florida.

FACTUAL ALLEGATIONS

11.     At all times relevant, Defendants, ROSEWOOD and CM LAW conducted business in the State of Florida within this judicial district.

12.     Defendant ROSEWOOD engages in debt collection, as defined by the FCCPA, in the State of Florida.

13.     Defendant CM LAW engages in debt collection, as defined by the FDCPA and FCCPA, in the State of Florida.

14.     At no time did Plaintiff enter into a business relationship with Defendant, ROSEWOOD.

15.     At no time did Plaintiff enter into a business relationship with Defendant, ROSEWEOOD

16.     Plaintiff allegedly, pursuant to communications received from Defendant, ROSWEOOD, owes a consumer debt as that term is defined by both the FDCPA and FCCPA.

17.     Plaintiff is a consumer as that term is defined by both the FDCPA and the FCCPA.

2

18.    Defendant, ROSEWOOD, is a debt collector as that term is defined by the FCCPA.

19.    Defendant, CM LAW, is a debt collector as that term is defined by both the FDCPA and the FCCPA.

20.    Within the last year, Defendant, ROSEWOOD, attempted to collect consumer debts from Plaintiff.

21.    Within the last year, Defendant, CM LAW, attempted to collect consumer debts from Plaintiff.

22.    Defendant, ROSEWOOD, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

23.    Defendant, CM LAW, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

24.    During the course of its attempts to collect debts owed, either directly or through an agent, or due or asserted to be owed or due another, Defendant, ROSEWOOD, acting through its agents, sent Plaintiff bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

25.    During the course of its attempts to collect debts owed, either directly or through an agent, or due or asserted to be owed or due another, Defendant, CM LAW, sent Plaintiff bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

26.    Defendant, ROSEWOOD, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

27.    Defendant, CM LAW, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

28.    Plaintiff's alleged debts to all Defendants arise from transactions for personal, family, and household purposes as Plaintiff purchased this property to initially serve as his homestead, owner-occupied, residence. Said debt, namely association dues, arose from that purchase.

3

29.     Specifically, Plaintiff purchased property on or about November 11, 2004.

30.     Said property was subject to Defendant, ROSEWOOD's, Declaration, Bylaws, and other governing documents, recorded in OR Book 3108, page(s) 1645 – 1699 of the Public Records of Orange County; however, this association was terminated via written notice of termination recorded in OR Book 3173, page 490 in the public records of Orange County.

31.     Said declaration was replaced with the Declaration of Restrictions and Affirmative Covenants for Rosewood Colony (also ROSEWOOD) recorded in OR Book 3180, Page 2572.

32.     Said documents allow for the collection of assessments with the property and these assessments represent a consumer debt that is incurred for family, household, or personal reasons.

33.     Said assessments represent a way for the Association to pay its common expenses.

34.     Regardless of how property is titled each unit owner is liable for this debt.

35.     These assessments are to be due monthly on the first of each month.

36.     If an payment is late by 30 days, it shall bear interest at a rate of 10%.

37.     This declaration is clear, that enforcement of that declaration shall be by action against any person either to restrain violation or to recover damages. *See ¶ 13*.

38.     At some point, Defendant, ROSEWOOD, by and through CM LAW, sought to collect allegedly unpaid assessments from Plaintiff.

39.     Defendant, CM LAW, for and on behalf of Defendant, ROSEWOOD, purports to have made initial contact with the Plaintiff, through a David E. Borack, on or about April 27, 2017.

40.     In that initial communication, CM LAW sent a written communication identifying unpaid assessments dating back to April 2012, interest, accumulating at 18%, since April 2012, Attorney's Fees of $400.00, and indicated a total amount due of $11,640.41.

41.     This letter indicated that if the full amount is not paid within 45 days from the date of receipt of that letter, that a lien would be filed against the property. ROSEWOOD, by and through CM LAW, then indicated that if the entire balance could not be paid in a lump sum, then the Association may consider payment terms.

4

42.     This letter then gave a NOTICE REGARDING THE FAIR DEBT COLLECTION PRACTICES ACT, indicating that CM Law would assume the debt was valid if nothing was received in 30 days after the receipt of the letter disputing the debt.

43.     CM Law then states that the "law does not require me (the debt collector) to wait until the end of the **forty-five day period** referenced on this page before proceeding to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the **forty-five day period** which beings with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you."

44.     At no point in this initial correspondence was the Plaintiff advised that a portion of this debt was from a period of time outside of the statute of limitations. At no point in this correspondence was the Plaintiff told that the payment of all or any of the amount could toll the statute of limitations. This initial correspondence also did not contain the 'mini-miranda' as required by 15 USCA § 1692(e)(11).

45.     Defendants' next communication came on August 25, 2017. This was again sent by ROSEWOOD, through CM LAW.

46.     This letter indicated that a "Claim of Lien" had been sent for filing against [Plaintiff's] property because monthly assessments had not been paid.

47.     This letter indicated that the Association "intends to foreclose the lien and collect the unpaid amount within 30 days of this letter being provided to [Plaintiff]."

48.     CM LAW then asserted that assessments were due from April 2012 through August of 2017. That Interest, at 18%, arose for those dates. That now $800 dollars in attorney's fees had accrued. Said letter now contained the 'mini-miranda' as required by 15 USCA § 1692(e)(11).

49.     Defendant, ROSEWOOD, through its claim of lien, dated on August 14, 2017, recorded on August 24, 2017, signed by its alleged agent INGRID BERIO, attempts to collect assessments that remain unpaid from April of 2012 to at least July of 2017, which were due on the first of each month. Moreover, this claim of lien differed from other correspondence by requesting assessments in the amount of $8,352, interest again at the 18%. Additionally, the claim of lien requested costs and attorney's fees that have come due and may have come due in the future. *Claim of Lien Attached hereto as **Exhibit A**.*

50.     Defendant, ROSEWOOD, by and through CM LAW, filed a suit in Orange County Court, Case No.: 17-CC-13405, seeking to foreclose its claim of lien and for a money judgment based on defaults from April 2012 to the date of filing the lawsuit.

51.     Defendant, ROSEWOOD, by and through CM LAW, also requested admissions contemporaneously with the filing of the complaint.

52.     Based on these communications, Plaintiff has suffered actual damages as a result of Defendants actions by virtue of having to pay the costs associated with the defense of the state court litigation and to retain counsel therein.

## CLASS ACTION ALLEGATIONS
## (AS TO ONLY CLAYTON & MCCULLOH, P.A.)

53.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 – 52 of this Complaint as though fully set forth herein.

54.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class"). Plaintiff, and those individuals who would comprise the anticipated class, can satisfy the pre-requisites of Fed. R. Civ. P. 23(a-b).

55.     Plaintiff represents, and is a member of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been contacted in writing by Defendant, CM LAW, seeking to collect debts that were time barred by the applicable statute of limitations and said correspondence received no notice that said debts were uncollectable by legal action.

56.     Plaintiff represents, and is a member of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been contacted in writing by Defendant, CM LAW, seeking to collect debts that imposed an interest fee that was not collectable under the documents governing CM LAW's clients.

57.     Plaintiff represents, and is a member of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been contacted in writing by Defendant, CM LAW, seeking to collect debts that did not contain the "mini-miranda" as required under 15 USCA § 1692(e)(11).

58.     Plaintiff represents, and is a member of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been contacted in writing by Defendant, CM LAW, seeking to collect debts that were time barred by

the statute of limitations and sought to induce consumers to enter into settlement agreements without warning the consumer that to do so could toll and revitalize time barred debts.

59.     By virtue of this assertion, the possibility of inconsistent or varying adjudications with respect to individual class members can occur. Specifically, based on the proper notices given to respective class members, and without the acknowledgment that the debts are not collectable by legal action or the disclosure that a payment of sums requested could toll a statute of limitations, class members could potentially end up paying, or being found liable, for debts that are time barred under the applicable statute of limitations.

60.     Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the class, but believes that the Class members' number exceeds 50, if not more. Thus, this matter should be certified as a Class action for the purposes of judicial economy and efficiency and to assist in the expeditions litigation of this matter.

61.     The estimated size of this class is so numerous that joinder of all members would be impracticable and potentially cost prohibitive.

62.     The question of law in this case and the factual allegations asserted herein would be common to all class members.

63.     The claims and defenses of both defenses are typical to the matters contained in this cause of action.

64.     Undersigned counsel, as well as the Plaintiff, will fairly and adequately protect the interests of this class.

65.     Plaintiff and members of the class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, collected or attempted to collect debts that were barred by the statute of limitations which any payment of same would toll the applicable statute of limitations rendering the debts collectable again, in direct violation of the FDCPA and the FCCPA, as more explicitly enumerated in the counts below. Plaintiff and the class members were damaged thereby.

66.     This suit seeks compensatory damages, injunctive relief, as well as statutory damages on behalf of the Class. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

67.     The joinder of Class members is impractical due to the large number of class members, and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

68.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

  a.  Whether, within one year prior to the filing of this Complaint, Defendants or their agents wrote correspondence to a Class member seeking to collect debts that were time barred by the applicable statute of limitations (except those that had been tolled pursuant to Florida law);

  b.  Whether, within one year prior to the filing of this Complaint, Defendants or their agents, failed to indicate in the written correspondence to a Class member that said debt was not collectable through legal action as a result of the time that had elapsed since the alleged default;

  c.  Whether, within one year prior to the filing of this Complaint, Defendants, or their agents, filed suit based at least in part on the time-barred debts referenced in the correspondence sent seeking to collect debts; AND

  d.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations in addition to statutory damages.

69.     As persons who received at least one written correspondence from Defendants seeking to collect debts had an expired statute of limitations that barred collection through legal means, Plaintiff is asserting claims that are typical of this class. During the one-year period prior to the filing of this Complaint, Defendants were engaged in a pattern and practice of contacting members of the class in connection with a debt that was time barred for collection through legal action. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

70.     Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to

8

proceed without remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

71.     Plaintiff has retained counsel experienced in handling claims involving violations of the Fair Debt Collection Practices act and the Florida Consumer Collection Practices Act.

72.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal and Florida law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to FDCPA and the FCCPA, as more explicitly enumerated in the counts below, is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

73.     As Plaintiff, and on behalf of the class, has requested injunctive relief to bar Defendants from attempts to collect time-barred debts in the manner contained by these allegations, and subject to further discovery Defendants have continued or will continue to collect debts in the manner referenced in this Amended Complaint until court intervention, this relief is appropriate to the class as a whole.

## COUNT I – VIOLATION OF THE FLORIDA
## CONSUMER COLLECTION PRACTICES AGAINST ROSEWOOD

74.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 52 of this Complaint as though fully set forth herein.

75.     Defendant, ROSEWOOD violated FCCPA § 559.72(9) by claiming, attempting,  or threatening to enforce a debt when Defendant knew that the debt was not legitimate as a portion of same was time barred by the applicable statute of limitations *Fla. Stat. 95.11(2)(b)*.

76.     Defendant, ROSEWOOD violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, or a portion thereof, when Defendant knew the right to collect said debt did not exist.

77.     Defendant, ROSEWOOD violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, namely threatening to foreclose against the subject property on August 25, 2017 within 30 days when the claim of lien was not recorded until

9

August 24, 2017, when Defendant knew the right to collect said debt did not exist under the declaration and Fla. Stat. 720.3085(5).

78.      Defendant, ROSEWOOD violated FCCPA § 559.72(9) by including language in its initial communication, through counsel, that sought a settlement of the amounts in question without providing written notice that any payment on the amounts alleged would toll the statute of limitations and revitalize a time barred debt.

79.      As a direct and proximate cause of Defendant, ROSEWOOD's, debt collection activities, Plaintiff has suffered damages – both actual and statutory. In addition to statutory damages, Plaintiff has suffered actual damages as the amount alleged by Defendant, ROSEWOOD, far exceeds the amount actually due and owing. Due to the collection practice, Plaintiff has had to defend a state law action that seeks amounts that are not accurate and has incurred costs including mailing, time off of work, etc.

WHEREFORE, Plaintiff, HILLARY FENNER, requests that this Court award the following relief in favor of Plaintiff against the Defendant, ROSEWOOD:

a.      Actual damages as prescribed by statute;

b.      The maximum amount of statutory and/or additional damages provided under Fla. Stat. § 559.77(2).

c.      Reasonable attorney's fees and the costs of this action; and

d.      Such other and further relief as this Court may deem just and proper.

## COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST CM LAW

80.      Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 73 of this Complaint as though fully set forth herein.

81.      Defendant, CM LAW, violated FDCPA 15 U.S.C § 1692(e)(2)(a) by falsely representing the character, amount, or legal status of the Debt, in its letters attached to this Complaint, to Plaintiff as same were time-barred under Florida law.

82.      Defendant, CM LAW, violated FDCPA 15 U.S.C § 1692(e)(2)(a) by falsely representing the character, amount, or legal status of the Debt by indicating that it was entitled to foreclose within thirty days of its August 25, 2017 letter, despite bringing litigation purportedly under Fla. Stat. 720.3085(5) which required a 45 day period.

10

83.     Defendant, CM LAW, violated FDCPA 15 U.S.C § 1692(e)(5) by stating in its August 25, 2017 letter that it would seek foreclosure in 30 days despite not having complied with Fla. Stat. 720.3085 in its entirety.

84.     Defendant, CM LAW, violated FDCPA 15 U.S.C. § 1692(e)(11) by failing to include in its initial correspondence, sent on April 27, 2017 that the communication was from a debt collector that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

85.     Defendant, CM LAW, violated FDCPA 15 U.S.C. § 1692(f)(1) by attempting to collect an 18% interest rate on delinquent debts when only 10% was allowable by the governing documents of the association.

86.     Defendant, CM LAW, violated FDCPA 15 U.S.C. § 1692(f) by attempting to induce the Plaintiff into settlement on time barred debts without disclosing that the payment of any sum could potentially revitalize or otherwise toll said debt.

87.     Defendant, CM LAW, violated FDCPA 15 U.S.C. § 1692(g)(b) by overshadowing the 30 day timeline to dispute a debt under 15 USCA § 1692(g)(a) with the 45 day notice of intent to impose a claim of lien.

88.     As a direct and proximate result of Defendant's, CM LAW, failure to comply with the FDCPA as set forth above, the Defendant is liable to Plaintiffs for payment of damages as set forth in 15 U.S.C. 1692k.

89.     In addition to statutory damages, Plaintiff has suffered actual damages as the amount alleged by Defendant, BLG, far exceeds the amount actually due and owing. Due to the collection practice, Plaintiff has lost the ability to lease the unit for fears of impending judgment of time barred amounts, in addition to having to use her cellular plan or landline to make phone calls to BLG's agents and/or employees.

WHEREFORE, Plaintiff, HILLARY FENNER, requests that this Court award the following relief in favor of Plaintiff against the Defendant, CM LAW :

a. Actual damages sustained by Plaintiff;

b. The maximum amount of statutory additional damages provided under 15 U.S.C 1692k;

c. Reasonable attorney's fees and the costs of this action; and

d. Such other and further relief as this Court may deem just and proper.

11

## COUNT III – VIOLATION OF THE FLORIDA
## CONSUMER COLLECTION PRACTICES AGAINST CM LAW

90.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 73 of this Complaint as though fully set forth herein.

91.    Defendant, CM LAW violated FCCPA § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate as a portion of same was time barred by the applicable statute of limitations *Fla. Stat. 95.11(2)(b)*.

92.    Defendant, CM LAW violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, or a portion thereof, when Defendant knew the right to collect said debt did not exist.

93.    Defendant, CM LAW violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, namely threatening to foreclose against the subject property on August 25, 2017 within 30 days when the claim of lien was not recorded until August 24, 2017, when Defendant knew the right to collect said debt did not exist under the declaration and Fla. Stat. 720.3085(5).

94.    Defendant, CM LAW violated FCCPA § 559.72(9) by including language in its initial communication to the Plaintiff, that sought a settlement of the amounts in question without providing written notice that any payment on the amounts alleged would toll the statute of limitations and revitalize a time barred debt.

95.    As a direct and proximate cause of Defendant, CM LAW's, debt collection activities, Plaintiff has suffered damages – both actual and statutory. In addition to statutory damages, Plaintiff has suffered actual damages as the amount alleged by Defendant, BLG, far exceeds the amount actually due and owing. Due to the collection practice, Plaintiff has had to defend a state law action that seeks amounts that are not accurate and has incurred costs including mailing, time off of work, etc.

WHEREFORE, Plaintiff, HILLARY FENNER, requests that this Court award the following relief in favor of Plaintiff against the Defendant, CM LAW:

a.    Actual damages as prescribed by statute;

b.    The maximum amount of statutory and/or additional damages provided under Fla. Stat. § 559.77(2);

c.    Injunctive relief which permanently bars Defendant, CM LAW, from future violations under Fla. Stat. § 559.72(2);

12

d.    Reasonable attorney's fees and the costs of this action; and

e.    Such other and further relief as this Court may deem just and proper.

**REQUEST FOR JURY TRIAL**

Plaintiff respectfully request a jury trial on all issues so triable.

**VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

HILLARY FENNER

Respectfully submitted,

Bryant H. Dunivan Jr., Esq.
Fla. Bar No: 102594
OWEN & DUNIVAN, PLLC
615 W. De Leon St.
Tampa, FL 33606
Phone: 813.502.6768
Attorney for Plaintiff